UNITED STATES of America,
Plaintiff-Appellee,

v.

Oscar VILLALON, Defendant-Appellant.

No. 79–5162

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1979.

Anthony C. McGettrick, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Oscar Villalon contends that his conviction of possession with intent to distribute 195 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1) should be reversed because the district court did not dismiss the indictment after it was shown that the government had destroyed four suitcases that contained the marijuana; that the search in which the marijuana was found was illegal; because the court refused to give a requested jury instruction; and because the evidence was insufficient to show his knowledge that the car which he was driving contained marijuana. We find all four contentions without merit.

In the early morning of September 28, 1978, Villalon and a passenger in the car were stopped at the Sarita, Texas checkpoint by a Border Patrol officer for an inquiry about their citizenship. While questioning the men, the officer noticed two shock absorbers in the back seat. Because smugglers often exchange standard shock absorbers for air shocks to prevent the car from riding low, the agent asked to check the trunk. In the trunk were three large vinyl suitcases which felt hard to the agent. Villalon claimed that there were clothes in the suitcases but that he did not know whose clothes they were. When the agent opened one suitcase, he found bricks of marijuana wrapped in tin foil. After arresting Villalon and his passenger, the agent found marijuana in the other two suitcases, as well as in another small suitcase on the back seat and in cigarettes in a package in the front seat area. Later, the suitcases were destroyed by the government in accordance with its policy of disposing of contraband; however, this was done before rather than after the trial.

At trial, Villalon claimed he did not know that the suitcases contained marijuana. He testified that he had been paid $100 by an unknown person to whom he had talked on a pay telephone to drive the car north and that he suspected only that the car might be stolen.

I.

The destruction of the four suitcases is not fatal to the prosecution. It is not shown how either in fact or in theory the defendant was prejudiced by this event. Considered as evidence, the suitcases themselves were neither favorable nor material to the defense. See Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; United States v. Delk, 5 Cir. 1978, 586 F.2d 513, 518. Even if they are considered potentially favorable, the omission of evidence does not warrant reversal unless its production would have created a reasonable doubt that did not otherwise exist. See United States v. Agurs, 1976, 427 U.S. 97, 112, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342, 355; United States v. Brown, 5 Cir. 1978, 574 F.2d 1274, cert. denied, 1978, 439 U.S. 1046, 99 S.Ct. 720, 58 L.Ed.2d 704; United States v. Anderson, 5 Cir. 1978, 574 F.2d 1347. Villalon does not deny that the suitcases contained marijuana, and it is difficult to understand how the empty containers were material or favorable to the defense or would have created a reasonable doubt about his guilt.

II.

Conceding that the Border Patrol agent justifiably opened the trunk, Villalon contends that the agent was not justified in opening the suitcases because he lacked probable cause. This argument, too, must fail.

There is no doubt that the agent had the right to stop the car and to inquire about Villalon's citizenship. United States v. Martinez-Fuerte, 1976, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116. It was also permissible for the agent to look inside the trunk for aliens. See United States v. Thompson, 5 Cir. 1973, 475 F.2d 1359. And because the Sarita checkpoint is the functional equivalent of the border, United States v. Reyna, 5 Cir. 1978, 572 F.2d 515, 518, cert. denied 1978, 439 U.S. 871, 99 S.Ct. 203, 58 L.Ed.2d 183, a search of the car was permissible without probable cause, and, in-

deed, even without suspicious circumstances, *United States v. Flores,* 5 Cir. 1979, 594 F.2d 439. Nonetheless, the sight of the shock absorbers provided reasonable suspicion in light of the agent's knowledge that air shock absorbers are often used in smuggling contraband, as did the palpable hardness of the contents of the suitcases. Therefore, under the agent's dual role as an immigration officer and a customs officer, he was entitled to search the suitcases.

### III.

The requested jury instruction concerning knowledge was more in the nature of an argument on the facts than a charge, and the district court adequately instructed the jury on the element of knowledge. *See United States v. Barham,* 5 Cir. 1979, 595 F.2d 231, 245.

### IV.

Viewing the evidence in the light most favorable to the government, *Glasser v. United States,* 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, with all reasonable inferences and credibility choices made in support of the jury verdict, *United States v. Houde,* 5 Cir. 1979, 596 F.2d 696, 701–02, the evidence was sufficient to warrant conviction. Furthermore, although Villalon denied knowledge that the car contained marijuana, he did testify that he thought the car was stolen, acknowledging that he was aware of suspicious circumstances surrounding the mission. In this situation, deliberate ignorance suffices for knowledge for purposes of conviction under § 841(a)(1). *See United States v. Meneses-Davila,* 5 Cir. 1978, 580 F.2d 888; *United States v. Restrepo-Granda,* 5 Cir. 1978, 575 F.2d 524, *cert. denied* 1978, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332.

### V.

Because we find no merit in any of the appellant's contentions, the conviction is AFFIRMED.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.